365 So.2d 603 (1978)
Keith L. DUMEZ, Plaintiff and Appellant,
v.
HOUMA MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD et al., Defendants and Appellants.
No. 12254.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
*605 Keith M. Whipple, Houma, for plaintiff and appellant.
Eddie N. Pullaro, John R. Walker, Houma, for defendant and appellant City of Houma.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment of the trial court reversing the decision of the Houma Municipal Fire & Police Civil Service Board (Board) which sustained Appellant's discharge from the permanent classified position of Police Lieutenant, City of Houma, for discourtesy (use of obscene language) toward Appellant's superior officer. The trial court reversed the Board and remanded the matter to the Board for a new hearing upon finding that the Board's decision was rendered in bad faith in that the Board considered matters beyond the scope of the charges against Appellant by Appellant's appointing authority and that the Board prejudged Appellant's case prior to the Board hearing. We affirm.
Appellant contends the trial court erred in: (1) failing to hold unconstitutional La. R.S. 33:2500, A(5), (authorizing disciplinary action against a classified employee for discourtesy toward a public official or employee), for infringement of Appellant's constitutional right to free speech pursuant to the First Amendment to the United States Constitution; (2) assuming the statute does not violate the free speech amendment, failing to declare the act invalid for unconstitutional vagueness; (3) failing to hold that mere words do not constitute "conduct" within the meaning of the term as employed in the applicable statute; (4) remanding the matter to the Board despite finding the Board acted in bad faith; and (5) failing to order Appellant reinstated to his position with full pay and all emoluments and benefits.
There is no dispute as to the operative facts. While on duty in the police station, Appellant, having been denied entrance to the office of the Chief of Police, in the presence of his superior officers uttered the epithet "F_ _ _ Y _ _". The statement was made while Appellant was standing outside the Chief's office. Superior officers present understood the remark to be intended for them.
The aforesaid incident prompted Appellant's dismissal pursuant to La.R.S. 33:2500, A, which provides that a permanent classified employee may be disciplined for, inter alia:
"(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct."
Also pertinent herein is La.R.S. 33:2500, D, which states:
"D. In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor."

FREEDOM OF SPEECH
It is well settled that freedom of speech guaranteed by the First Amendment to the United States Constitution is not absolute but subject to reasonable regulation as to time, place and manner of exercise when such regulation is reasonably related to some valid public interest. Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).
*606 Under certain circumstances a public servant may be discharged because of his speech, without violating the First Amendment right to free speech. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Pickering establishes certain guidelines by which applicability of the First Amendment is determined in cases of this nature. More particularly, Pickering holds that the interests of a state as an employer allows reasonable restriction upon speech when such limitation promotes efficiency in public service, maintains discipline, increases harmony among co-workers, and promotes loyalty and confidence in positions where such traits are of importance. On the other hand, Pickering holds that the legitimate interests of individuals and the public requires that public employees be not restricted from making public statements on matters of public concern, especially statements having no direct connection with the employee's employment or duties and not directed at a nominal superior.
The disciplining of a police officer for disrespectful language toward a superior was expressly upheld in Kannisto v. City and County of San Francisco, 541 F.2d 841 (9th Cir. 1976). In essence, Kannisto holds that the states have a substantial public interest to protect in creating and maintaining efficiency in those state organizations which carry out important functions of significant public concern, including police and law enforcement agencies. We readily adopt this policy.
We find that operation of a municipal police department is clothed with sufficient public interest to justify reasonable restraint upon the speech of employees directed toward their superiors and fellow officers in the line of duty. We find subject statute constitutional as applied herein, in that it does not violate the fundamental right of free speech.

STATUTORY VAGUENESS
It is suggested that the terms "discourteous," "wantonly offensive" and "immoral" are so vague that they set no standards by which a reasonable person may be guided in his actions to avoid running afoul thereof. It is argued that the terms are not specifically defined and therefore can mean different things to different individuals.
The jurisprudence discloses a rule of some liberality in upholding statutes of this nature against a charge of invalidity due to vagueness. In Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), the court considered an attack of vagueness levelled against the phrase "for such cause as will promote the efficiency of the service." The quoted phrase established a general standard for dismissal of federal civil service employees. In sustaining validity, the Court concluded that where such prohibitions are couched in terms that an ordinary person exercising ordinary common sense and intelligence can adequately understand and comply therewith without sacrifice to the public interest, the prohibitions will be deemed valid. See also Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 578-579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973).
The crucial question in such cases is that of fairness, namely, whether the prohibition is sufficiently specific to provide fair warning that certain kinds of conduct will result in disciplinary measures. Arnett, supra; Colten v. Commonwealth of Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972).
Arnett, above, is also authority for the rule that it is neither feasible nor necessary to spell out in detail all conduct which may result in disciplinary action against an offending employee.
We note diLeo v. Greenfield, 541 F.2d 949 (2d Cir. 1976), which involved disciplinary action taken against a school teacher. The court was concerned with the interpretation of a catchall clause authorizing disciplinary action for "other due and sufficient cause." The court held that such a clause did not invalidate the statute for vagueness. The court, citing United States v. Powell, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975) and other authorities, *607 held that the test of vagueness for purposes of due process is made in the light of the particular conduct of the person asserting vagueness, not with regard to the conduct of others with respect to hypothetical cases on the fringes of the statute's scope or with respect to the conduct of other parties who might not be forewarned adequately by the broad language employed. DiLeo held that the clause under construction was not so indefinite as to nullify the law. The court also noted that a construction of validity is in order in an area such as the disciplining of teachers where innumerable unforeseen conditions may arise and that it is not reasonable to expect or require the legislature to foresee and provide for every specific eventuality. We believe this same reasoning is peculiarly applicable to a police department.

WORDS DO NOT CONSTITUTE CONDUCT
Webster's Third New International Dictionary, Unabridged, 1963 Edition, defines conduct, inter alia, as follows:
"1 Conduct . . . 3c: a mode or standard of personal behavior esp. as based on moral principlessometimes distinguished from behavior

2 Conduct . . . 4: to behave or comport (oneself) . . . ."
We deem it elementary that conduct is manifest by speech as well as physical action and movement. Speech as influenced by time, circumstances, and attitude is, in our view, one of the most graphic and expressive forms of conduct. Appellant's argument is basically that mere words do not constitute conduct. We reject this contention. Carried to its ultimate conclusion, the argument would prohibit disciplinary action against an employee for any instance of verbal insubordination or abuse, which result would totally destroy a superior's control over subordinates and produce organizational collapse due to the utter inability to maintain discipline in public offices. Such a result is patently intolerable.

REMAND TO THE BOARD
The trial judge remanded the matter to the Board for whatever action the Board deems justifiable after affording Appellant a fair, unbiased and impartial hearing within 60 days of the date of the judgment rendered below.
La.R.S. 33:2500, D, requires that an appointing authority give an employee written notice, including complete reasons for the action taken, when disciplinary action is meted out. Appeals from disciplinary actions are provided for by La.R.S. 33:2501 which states that appeals are confined to the issue of whether the action was taken in good faith and for cause as provided in Section 2500. The purpose of such notice is to fully advise the employee of the basis for the action taken against him, including specific facts upon which each charge is made. Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir. 1974). We deem it basic that on appeal the Board may not go beyond the specific charges tendered by the appointing authority. Section 2501, above, provides that on appeal the appointing authority and employee each have the opportunity to show whether or not the action taken was in good faith. Said section authorizes the Board to conduct the hearing in any manner it sees fit, without prejudice to any person or party thereto. Obviously, the employee is prejudiced if the Board considers conduct not charged by the appointing authority and which the employee has no reason to believe will be involved on appeal.
The record herein shows that the Board, over Appellant's objection, considered Appellant's service record which shows prior instances of disciplinary action against Appellant, including suspension and reprimand. It is conceded the Board considered the service record in the belief it should "look at the whole picture" and that the record of prior disciplinary actions against Appellant influenced the Board members to a considerable degree. There is also evidence to the effect the case had been discussed by Board members prior to *608 the hearing and that the Chairman of the Board told one or more individuals before the hearing that Appellant would be discharged. Under the circumstances, we find the trial court rightly held that Appellant did not have a fair and impartial hearing before the Board. As did the trial judge, we pretermit consideration of the merits of the single charge of insubordination lodged against Appellant. That issue must be first adjudicated by the Board at a fair and impartial hearing.
We find no merit in Appellant's claim that he should be reinstated with full back pay and all emoluments. Appellant is not entitled to such judgment until and unless the charges brought against him are determined in his favor after a full, fair and impartial Board hearing. Judgment awarding Appellant such relief at this juncture would become an anomaly in the event the Board sustained the charges after a fair and unbiased hearing.
We also find no merit in Appellant's contention that a remand would be useless in that he cannot possibly receive a fair and impartial Board hearing under the circumstances of this case. We cannot presume that members of a public board, sworn to the principles of justice and fairness, will, after having been shown the error of former action and having been properly instructed by the courts as to their substantive and procedural limitations, fail to do their duty and conduct a fair and unbiased hearing as directed.
The judgment of the trial court is affirmed, Appellant to pay the costs of this appeal. All other costs shall await final outcome of this action.
Affirmed.