SAMUEL, Judge.
Appellee in this court, Lottie Douglas, was terminated from the New Orleans Museum of Art effective October 28, 1979 for alleged misconduct. She was advised by letter dated October 30, 1979 of her termination and the reason therefor. She appealed her dismissal to the Civil Service Commission, and on May 13, 1980 the Commission reversed her dismissal. The Museum of Art appealed.
The Museum’s termination letter provides in part as follows:
“Your supervisor has reported that on that date you have accepted payment of $18 for three posters from a Museum visitor and failed to turn in or report the money which you received for the sale of this merchandise.
“Such conduct is inexcusable and cannot be accepted from an employee of this Museum.”
The facts behind Douglas’ dismissal are relatively simple. On October 28, 1979 Douglas sold three posters to a Museum visitor for the sum of $18. She did not report the sale on the day it was made, as required in accordance with Museum rules. She further waited eight days to turn the money in to the Museum.
Douglas’ defense is that she did not report the sale on the same day and turned in the money eight days later because the sale took place at the end of a working day and she started her prearranged annual vacation the next day. She testified at the Commission hearing that the money remained in her locker at the Museum for the eight days of her absence. The Commission found she did not report the presence of the money to her employer until her return to work.
In its decision the Commission made the following conclusion:
“It is the opinion of this Commission that a reasonable doubt exists as to the city proving that the Appellant actually intended to steal said money in question and in view of a need for additional facts, the Commission concludes that the dismissal be reversed and the appeal upheld.” (Emphasis added)
The City points to the italicized portion'of the Commission’s conclusion and argues the Commission committed error by applying the reasonable doubt standard of proof rather than the preponderance of evidence standard. Both the City and Douglas agree to the correctness of the result reached in Herbert v. Department of Police [1], that because Civil Service hearings are not criminal proceedings the burden of proof as to facts need not be established beyond a reasonable doubt, but need only be proved by a preponderance of the evidence. The City argues that the Commission’s statement that a “reasonable doubt” existed demonstrates the Commission applied the wrong burden of proof in a civil proceeding.
We do not agree with this argument. A fair reading of the opinion of the Commission shows, in our opinion, its use of the words “reasonable doubt” in the quoted portion of its opinion was not intended to be technically correct in the legal sense of the words, but instead merely means the City did not prove its case. The quoted portion of the Commission’s holding adverts to a need for “additional facts” by the City to prove Douglas intended to steal the $18 in question.
The burden of proof of the facts indicating cause for dismissal is upon the appointing authority.[2] Burden of proof, however, *354 is only by a preponderance of the evidence; it is not beyond a reasonable doubt as in criminal cases. In the present proceeding, the Commission clearly held the appointing authority did not bear its burden of proving the charges upon which Douglas’ dismissal was based. There is nothing in the record to justify a reversal^ of the Commission’s findings, and we are satisfied the City failed to prove its case by a preponderance of the evidence.
The City further refers the court to testimony by Douglas in which she admitted lying about receiving the money to the Museum’s chief of security. In her testimony she candidly admitted the lie, but expressed the opinion she was under no obligation to report everything to him because she occupied the position of a “Supervisor”.
We are not able to consider this testimony sufficient to reverse the Commission’s holding. The termination letter furnished Douglas gave the reason for her dismissal as “failure to turn in or report the money which you received . . . . ” In Warrendorff v. Dept. of Saftey — Fire Division,[3] the court said:
“Civil Service Rule 12.3 states in case of removal demotion or reduction in pay for cause of a permanent employee the appointing authority must furnish certain written reasons for the action taken. Shelfo v. LHHRA, Pinecrest State School, supra. The purpose of the requirement is to apprise the employee in detail and to limit any subsequent proceeding to the stated ground. Lemoine v. Dept. of Police, 348 So.2d 1281 (La.App. 4th Cir. 1977); and Paulin v. Department of Safety and Permits, 308 So.2d 817 (La.App. 4th Cir. 1975).”
On appeal, the appointing authority argues for the first time that Douglas was disciplined for receiving money on behalf of the Museum and denying its receipt upon questioning by its chief of security. Since the question of Douglas’ lying to the chief of security was not stated as a ground of dismissal in her termination letter, such argument cannot be raised for the first time on appeal.
For the reasons assigned the judgment appealed from is affirmed.

AFFIRMED.

. La.App., 362 So.2d 1190.

. Louisiana Constitution of 1974, Art. 10, § 8 (A); see also Michel v. Dept. of Publ. Saf. Al. Bev. Com. Bd., La.App., 341 So.2d 1161.

. La.App., 378 So.2d 534.