KLEES, Judge.
Appellant Captain Robert A. Bouterie was disciplined by his superior officer, District Chief Raymond A. Schwankhart, during the course of an employment related conversation initiated by the superior officer. Appellant stated:
“I am tired of your ridicule and harassment. I can’t take any more. If this is what you want ... If this is what you finally want — let’s go in the back and end it once and for all because if that’s what you want, I am ready.”
The appellant was immediately suspended under Section 12:06 of the department rules and regulations:
RESPECT FOR FELLOW MEMBERS
Members shall treat other members of the Department with respect and response due them as fellow officers. They shall be courteous, civil and respectful of their superior members and associates, and shall not use threatening or insulting language, whether on or off duty. Respect to each other shall be extended on all occasions. In adhering or referring to an officer, his title shall be used and must never be omitted, altered or abbreviated.
Later that same day, a letter was sent to the appellant lifting the suspension as of 7 P.M. the same day pending further investigation.
After an investigation by the Board of Internal Affairs, Captain Bouterie was issued a suspension of fourteen (14) days in addition to the twelve hour suspension already served by the appellant.
This suspension and the initial suspension were appealed to the Civil Service Commission and after a hearing, the Commission found that appellant was guilty of violating Section 12:06 of the department rules and regulations. However, the Commission did not find sufficient cause for a three (3) week suspension and reduced it to a period of one (1) week.
Both parties have appealed those portions of the judgment of the Civil Service Commission which were adverse to them. Robert Bouterie contends that the Commission erred in finding sufficient cause for the disciplinary action from the evidence presented to it and the Department of Fire avers that the Commission erred in reducing the penalty imposed by the appointing authority.
As indicated by the Commission, the versions of what happened are somewhat similar as between the accusing person and appellant. They stated, and rightly so, that under normal circumstances, and without any corroborative evidence, they could not find that the City had carried its burden of proof. Manale v. Department of Police, 376 So.2d 607 (La.App. 4th Cir. 1979). However, the Commission distinguished this case from Manale in that here the appellant, Robert Bouterie, confirms the confrontation with his superior and the outburst for which he was disciplined.
As stated by the Commission in its findings: “It would be inane to interpret this as anything else than an offer to resolve a dispute concerning employment by unacceptable physical means, and since it comes from appellant’s own mouth, we find supported the charge that appellant violated the provisions of Section 12:06 of the rules and regulations of the Department of Fire which is the gravamen of the charge against him.”
The appellant also contends that his remarks are protected speech under the provisions of the 1st Amendment of the United States Constitution. In addition, he asserts that Section 12:06 is merely an imperfect obligation as contemplated in C.C. Art. 1757(1) and is therefore merely moral and unenforceable. In support of his claims he cites Callaghan v. Department of Fire, 385 So.2d 25 (La.App. 4th Cir. 1980).
In Callaghan, a fireman was discharged for failing to obey an order by the fire superintendent to apologize for remarks made by him in a private meeting. This Court, in reversing the decision of the Commission to uphold the dismissal of the fireman, held that the remarks made by the fireman in the course of his private conversation with his employers, i.e., that his superior filed a false report, were protected *342 speech under the 1st Amendment of the U.S. Constitution and Article 1 § 7 of the La.Const. of 1974. The Court went on to state that since the remarks were protected speech there was no basis for the order to apologize. The Court described the order, having no basis in the law, as one to enforce “good manners” and that the order, as such,, was an imperfect obligation.
We have carefully considered the Callaghan decision but in light of the facts here find the case of Dumez v. Houma Municipal Fire & Police, etc. 365 So.2d 603, (La.App. 1st Cir. 1978) applicable. In Dumez a police lieutenant was discharged for discourtesy when, in the presence of his superior officers, he uttered the words “F_Y__” for having been denied entrance to the office of the Police Chief. The provision which was the basis for his discharge was R.S. 33:2500(A)(5) which is similar to Rule 12:06:
“(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and any dishonest, disgraceful or immoral conduct.”
The Court in Dumez discussed the issue of protected speech. They recognized the rule of Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965) that freedom of speech is not absolute but subject to reasonable regulation as to time, place and manner of exercise when such regulation is reasonably related to some valid public interest. Dumez cited Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (9th Cir. 1976) which held that the state has a substantial public interest to protect in creating and maintaining efficiency, discipline, esprit de corps, and uniformity in those state organizations, which carry out important functions of significant public concern.
The Court in Dumez then held that the operation of a police department is clothed with sufficient public interest to justify reasonable restraint upon the speech of employees directed toward their superiors and fellow officers in the line of duty. Accordingly, the Court found the statute, which was the basis of the disciplinary action, to be constitutional.
It is true that the Fire Department is not part of the military. However, it, just as the police force, is modeled upon a military hierarchial structure. As such, discipline is an important factor. Without discipline the public interest can be severely affected in a time of crisis. Based upon Dumez and the cases cited therein it is our opinion that Section 12:06 of the City Civil Service Rules and Regulations has a legal basis and is therefore not an imperfect obligation. Based upon the words said by Captain Bouterie, as well as his actions of dropping the clothes in his hand and raising his fists to his superior the Commission properly enforced rules of discipline which would, directly, indirectly, or in the aggregate affect the public. Certainly a lack of discipline could have such an effect. We conclude that the Commission properly found that the Department of Fire had sufficient cause to discipline appellant.
The City argues that the Commission erred in reducing the penalty imposed by the appointing authority. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir. 1978); at 1222-23 discussed the basis for change in a disciplinary action:
“The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. This protection arises from La.Const. Art. 10 § 8(A):
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.
Cause justifying a one-day suspension might not justify a dismissal, and therefore — and in that sense — the Civil Service Commission's authority “to hear and decide” disciplinary cases, Const, art. 10 § 12, includes authority to modify (reduce) as well as to reverse or affirm a penalty. See Brickman v. New Orleans Aviation Board, 1958, 236 La. 143, 107 *343 So.2d 422; Bernard v. Louisiana H & H.R.A., La.App. 1 Cir. 1976, 336 So.2d 55. But for example, cause justifying a 25-day suspension very probably would also justify a 30 day suspension and the Commission’s authority “to hear and decide” an appeal from a 30 day suspension would therefore very probable not include authority to reduce the 30 day suspension to 25 days. The Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty.
The Commission was of the opinion that the appointing authority failed to show that there was sufficient cause for a three week suspension, and felt that the appointing authority did produce sufficient cause to grant a one week suspension because of the disrespectful words uttered by the appellant. However, it felt that the conflicting testimony of the two parties in relation to the things said at the time of the incident did not support a three week suspension. As the Commission’s authority includes the authority to modify as well as reverse or affirm a penalty, we find no abuse of its discretion in reducing this suspension.
Accordingly, for the views herein expressed the finding of the Civil Service Commission is affirmed.
AFFIRMED.
BARRY, J., dissents with written reasons.