ARMSTRONG, Judge.
Plaintiff, James Fox, is appealing the Civil Service Commission’s decision sustaining his ten day suspension.
*652 The record reflects that on June 21, 1984 plaintiff was employed with the Department of Sanitation as a sanitation worker. While picking up trash in the 3100 block of Newton Street, plaintiff was asked by Irvin Ussin, the resident at that address, to pick up a second pile of trash that was nearby. To this request plaintiff responded, “move your car.” While Irvin Ussin was inside the house getting his car keys, plaintiff and Ussin’s brother, Gregory Ussin, exchanged words and plaintiff mumbled to his coworker, “those niggers want everything.”
Plaintiff was suspended for ten days for being verbally abusive “with the use of obscene language toward a resident.” In plaintiffs notice of suspension no specific reference was made to the racial slur, and at the hearing Irvin and Gregory Ussin admitted that plaintiff had not used any obscenities in the incident.
On appeal plaintiff argues that because the complainants testified that he did not use obscene language and, further, because the language that the Civil Service Commission found objectionable had not been directed toward a resident, the Civil Service Commission in effect upheld his suspension for reasons not set out in the Department of Sanitation’s notice of suspension.
Article 10, section 8 of the Louisiana Constitution of 1974 provides in pertinent part:
Section 8. (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
The purpose behind this notice requirement is “to apprise the employee in detail of the charges and to limit any subsequent proceedings to the stated reasons.” Department of Public Safety v. Rigby, 401 So.2d 1017, 1021 (La.App. 1st Cir.1980), writ denied, 406 So.2d 626 (La.1981). On review, neither this Court nor the Board can go beyond the specific charges in the notice of suspension. Bruno v. Department of Police, 462 So.2d 139 (La.1985); Rigby, supra; Douglas v. New Orleans Museum of Art, 400 So.2d 352 (La.App. 4th Cir.1981); Dumez v. Houma Municipal Fire and Police Civil Service Board, 365 So.2d 603 (La.App. 1st Cir.1978).
In the instant case plaintiffs suspension notice stated that on June 21, 1984 at approximately 10:00 a.m., plaintiff was alleged to have been verbally abusive with the use of obscene language toward a resident in the 3100 block of Newton Street. Plaintiff was thus apprised of the date, time and location that the objectionable language was used and that the basis of the complaint was his use of offensive language toward a resident. Plaintiff does not dispute his use of the language in question and does not claim that he was surprised by the evidence at trial. Moreover, plaintiff did not object to the relevancy of complainants’ testimony at trial.
The situation in the present case must be distinguished from those in which an employee is penalized for conduct which occurred on dates other than those enumerated in the letter of suspension, Rigby, supra, or for conduct of a different nature from that set forth in the suspension letter. Douglas, supra.
Here the plaintiff was fully apprised of the details of the charge against him, and the evidence produced at the hearing supported the Civil Service Commission’s decision. Plaintiff’s argument, therefore, is without merit.
For the foregoing reasons plaintiff’s suspension is affirmed.
AFFIRMED.