308 So.2d 817 (1975)
Sherwood PAULIN
v.
DEPARTMENT OF SAFETY AND PERMITS.
No. 6389.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*818 George W. Reese, New Orleans, for appellant.
Blake G. Arata, City Atty., Michael A. Starks, Asst. City Atty., for appellee.
Before LEMMON, STOULIG and MORIAL, JJ.
STOULIG, Judge.
Appellant, Sherwood Paulin, was discharged as a housing inspector with the Central Relocation Department, Department of Safety and Permits of the City of New Orleans, for using improper inspection procedures and, in so doing, classifying three substandard houses as "standard." This appeal is from the decision of the Civil Service Commission approving his dismissal.
Appellant seeks reversal on a technicality. Although he admits receiving both letters written to him by Christopher Bellone, his supervisor, in connection with his dismissal, he contends the inadvertent omission from the record of the first letter, in which the reasons for his firing were outlined in detail, is a sufficient basis for reversal. We disagree.
In the letter dated April 9, 1973, Paulin was advised that if he did not resign his job effective April 24 he would be discharged because random checks of three properties which he inspected and reported as standard were in fact substandard. More specifically, the letter detailed the deficiencies in appellant's findings, i. e. his failure to note (1) the house at 1314 Ursuline Avenue needed leveling because its "footing" had rolled; (2) large sections of siding were missing from the house at 4833 Urquhart Street; and (3) all the screens were missing from the house at 2807 ½ St. Claude Avenue.
While this letter is not in the record, its contents are fully disclosed by the quotations and summarizations from it by appellant's counsel during the administrative hearing. The colloquy between both counsel and the hearing examiner taking the evidence for the Civil Service Commission makes it obvious all concerned considered this letter a part of the record.
The second letter, dated April 13, advised Paulin he was dismissed and was written in response to appellant's letter of April 10 in which he stated he would not resign. However, it does not reiterate in detail the causes for which Paulin was terminated and must be considered in pari materia with the first letter to constitute adequate notice of dismissal.
*819 Appellant contends we must ignore the fact that the April 9 letter was written because it is not in the record before us. This hypothesis is essential to his argument that the Civil Service Commission erred in dismissing Paulin's appeal because "* * * the `legal cause' stated for the dismissal in the appointing authority's letter of April 13, 1973 was vague, not in compliance with requirements of law, and, therefore, defective."
In rejecting this argument, we first note that the purpose of the letter notice requiring the basis for the discharge of an employee is to apprise him of the charges in detail against which he must defend and at the same time to limit and restrict the hearing to these specific charges.[1] The omission of the April 9 letter from the record lodged in this court is of no consequence when the evidence itself establishes that the employee had knowledge of its contents and defended against the charges of incompetence therein stated.
It is obvious from the transcript the claimant was given every opportunity to rebut well-detailed reasons for dismissal and his defense was based on the April 9 letter. Further, even if we assume the first letter was not before the Commission (although this has not been established), the transcript of testimony fully discloses its contents and there is sufficient competent evidence to adjudicate whether the appointing authority complied with the requirements of law in stating the grounds of dismissal. In this case, the grounds of dismissal are stated in detail with clarity and precision.
In passing we observe the evidence establishes the appointing authority was fully justified in firing Paulin whose indifferent approach to his duties bordered on total incompetence.
For the reasons assigned, the decision of the Civil Service Commission is affirmed at appellant's cost.
Affirmed.
NOTES
[1] Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968), and cases cited in this opinion. LSA-Const. Art. 14 § 15(N)(1)(a) places the burden upon the employee to disprove the charges stated in the letter of dismissal.