401 So.2d 1017 (1981)
DEPARTMENT OF PUBLIC SAFETY, OFFICE OF STATE POLICE
v.
Robert J. RIGBY.
No. 14158.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied July 27, 1981.
James C. Dixon, Staff Atty., Dept. of Public Safety, Baton Rouge, for appellant.
J. Michael Small, Alexandria, for appellee.
*1018 Laura Denson Holmes, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director of the Dept. of State Civil Service, Baton Rouge.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
Robert J. Rigby was a permanent classified employee of the Department of Public Safety, Office of the State Police, State of Louisiana, and employed as a State Police Sergeant at the time of his termination. Rigby had worked with the Department for about 12 years when he received a letter dated October 18, 1978, over the signature of Colonel Grover W. Garrison, Deputy Secretary, stating that he was being removed from his position effective October 19, 1978. As cause for removal, Rigby was charged with operating a State Police motor vehicle contrary to written restrictions, removing a vehicle involved in an accident from the scene prior to investigation, leaving a damaged commercial building unsecured, and operating a departmental vehicle under the influence of intoxicating beverages. He was also charged with having a personal social relationship with Camille T. "Sonny" Giordano, a four-time convicted felon, currently on federal probation, and going to Las Vegas, Nevada, with Giordano during the dates of June 10, 1977 through June 13, 1977. The letter of removal also refers to previous disciplinary actions taken against Rigby.
The employee appealed to the Louisiana Civil Service Commission, complaining of his removal. As the bases for appeal, Rigby alleged that the conduct charged in the letter of removal did not occur as alleged by the appointing authority, that various non-merit factors were considered in the authority's decision to terminate him, that the conduct described in the letter did not constitute legal cause for dismissal, that his termination was arbitrary and in violation of Civil Service Rules, and that he had been discriminated against.
After consideration by the Commission on appeal, it rendered its opinion reinstating Robert J. Rigby to his former position effective October 19, 1978, awarding him back pay less certain deductions, and ordering that the details concerning Rigby's dismissal be removed from his personnel record.
The Office of State Police, Department of Public Safety, has perfected this appeal from the adverse ruling of the State Civil Service Commission. We affirm.
The standards of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as those which exist with regard to cases arising in the trial courts. The reviewing court should not disturb the factual findings of the trier of fact in the absence of manifest error. Arnold v. New Orleans Police Department, 383 So.2d 810 (La.App. 4 Cir. 1980), writ denied, 385 So.2d 274 (La. 1980); Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4 Cir. 1978).
While a person who has gained permanent status in the classified state service may be subjected to disciplinary action, such as dismissal, if the conduct complained of by the appointing authority impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged, Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), the burden of proving that the action taken against the disciplined employee was proper and warranted falls on the appointing authority. Shelfo v. LHHRA, Pinecrest State School, 361 So.2d 1268 (La.App. 1 Cir. 1978), writ denied, 364 So.2d 122 (La. 1978); Stiles v. Department of Public Safety, Drivers' License Division, 361 So.2d 267 (La.App. 1 Cir. 1978); see also La.Const. 1974, Art. 10, § 8. We find, as did the Commission, that the appointing authority did not carry this burden.
The evidence on the question of use of the departmental vehicle in connection with the single car property damage accident on November 30, 1977, shows only a simple fault accident for which Rigby received a *1019 letter of reprimand from Colonel Garrison dated March 3, 1978, shown as Appendix I.
In discussing this accident, the Commission made the following finding of fact:
"On November 29, 1977, appellant [Rigby] worked the day shift. He arrived at work at approximately 6:00 a. m. and left at approximately 3:00 p. m. After work, appellant rode with Sergeant Louviere in Louviere's assigned State Police vehicle. Appellant and Louviere picked up supplies and equipment and at approximately 6:30 p. m. arrived at Louviere's apartment, where appellant proceeded to cook for a combined Troop E and Louisiana State Troopers Association function that was going to be held the following day. Appellant finished cooking between 2:00 a. m. and 3:00 a. m. on November 30, 1977. Rather than have Louviere drive him home, appellant drove the State Police vehicle assigned to Louviere. After leaving Louviere's apartment, appellant drove the vehicle to Knox Inn for hamburgers. Thereafter, at approximately 3:00 a. m., appellant had a single car accident on Lee Street in Alexandria.
"According to witnesses, the vehicle hit the left curb of Lee Street, swerved, jumped the right curb and shattered the plate glass window of J. N. Wholesale Company. Appellant got out of the car, looked at the damage to the building and to the State Police vehicle, and then drove the vehicle to his house, four blocks away from the scene of the accident. Appellant returned to the scene of the accident in his personal car. Appellant testified that he was gone from the scene approximately 3 to 4 minutes.
"The window at J. N. Wholesale Company had been completely broken and the contents of the building were accessible to anyone who wanted to enter the building. The room directly behind the window served as an office and contained a desk, an adding machine and a telephone. From this room, there was a door leading to another part of the building which was used as a florist wholesale business.
"When appellant returned to the scene, the Alexandria City Police Department was in the process of investigating the accident. Appellant asked the city policeman if Troop E had been notified and was advised that it had been. Later, Sergeant White of the State Police arrived to investigate. After talking to several of the officers, appellant led him to his residence so the State Police vehicle could be inspected. The damage to the vehicle was minor. Thereafter, appellant went to Troop E headquarters. Appellant personally paid for the damage to the building and the State Police vehicle. The accident reports submitted all indicated that appellant had apparently fallen asleep at the wheel.
"Prior to the date of the accident, appellant had been prohibited from certain off-duty use of his assigned State Police vehicle because he was overweight. Exceptions could be made to the vehicle restriction by the Troop Commander. Captain Stephens, the Troop Commander at the time in question, had given appellant permission to use his vehicle in connection with Louisiana State Troopers Association functions. The testimony was conflicting concerning whether appellant was prohibited from driving the vehicle to and from work at the time of the accident. However, the Commission does not find it necessary to resolve this conflict. The Commission finds that after leaving Louviere's apartment, appellant drove to Knox Inn for hamburgers. Immediately prior to the accident, appellant was driving west on Lee Street. Appellant admitted that had he been on his way home from Knox Inn, he would have been traveling east on Lee Street. The Commission concludes that appellant was in violation of the vehicle restriction because at the time of the accident, he was not on duty, nor was he driving directly to or from work nor was he driving directly home after having cooked for the Louisiana State Troopers Association function.
"The only evidence introduced concerning the allegation of operating a State Police *1020 vehicle after having consumed intoxicants was the testimony of George Durling, a witness to the accident. Durling testified that after the accident, appellant got out of the vehicle, leaned toward the hood to steady himself, staggered up the street and staggered back to the vehicle. Durling was approximately 75 feet away from appellant at this time. Several witnesses testified that they talked to appellant shortly after the accident and observed appellant from a distance of three feet and that appellant had no odor of alcohol nor was his speech either slurred or incoherent. Appellant testified that he did not drink anything except water the evening before the accident. Sergeant Louviere, who had been with appellant since 3:00 p. m. on November 29, 1978 [1977], testified that he did not recall seeing appellant drink anything that afternoon or evening. Considering all of the testimony, the Commission concludes that appellant was not intoxicated at the time of the accident, nor had he consumed any intoxicants the evening before the accident....
"Appellant was disciplined for previous accidents in State Police vehicles in 1967, 1968 and 1972. He was disciplined for violations of the State Police Manual in 1967, 1968 and 1971, and for violation of Operational Memorandum No. 5 in 1972. He was reprimanded by Major Hollingsworth for violating the vehicle restriction less than two months before the accident. Three of these disciplinary actions were reprimands, four were three day suspensions and one was a one day suspension. On March 3, 1978, appellant was reprimanded for the November 30, 1977 accident, after having appeared before the Fleet Safety Board. The letter of reprimand only recites that appellant apparently fell asleep and had an accident."
The Commission continued as follows:
"In this appeal, the appointing authority has borne its burden of proof concerning three of the six allegations of misconduct contained in the letter of removal: driving contrary to vehicle restrictions, removing the vehicle from the scene of the accident, and leaving the building unsecured. However, the appointing authority was aware of this misconduct prior to the issuance of the March 3, 1978 reprimand. For whatever reasons, the appointing authority elected only to reprimand appellant. In the letter of dismissal, the appointing authority alleges additional misconduct which, if proved, would have justified the imposition of the more severe penalty. However, none of these additional charges were proved. The Commission concludes that appellant has already been disciplined for the actions surrounding the November 30, 1978 [1977] accident."
We find this opinion of the Commission to be fully supported by the evidence as to its factual determination on this question. Bryan v. Department of Corrections, 374 So.2d 155 (La.App. 1 Cir. 1979). As stated by the Commission opinion, the only allegations of misconduct proved by the appointing authority were that Robert Rigby drove a departmental vehicle contrary to vehicle restrictions, removed the vehicle from the scene of the accident, and left the damaged commercial building unsecured. As a result of the single car accident of November 30, 1977, Sgt. Rigby received a letter of reprimand. At the time of the sending of the letter, the appointing authority had full knowledge of the incident, yet saw fit to only reprimand the employee. Having disciplined the employee for this infraction, the appointing authority is now estopped from seeking at a later date to revive this incident as ground for further disciplinary measures. Hamlett v. Division of Mental Health, Louisiana Health and Human Resources Administration, 325 So.2d 696 (La.App. 1 Cir. 1976); see also Messer v. Department of Corrections, Louisiana State Penitentiary, 358 So.2d 975 (La.App. 1 Cir. 1978).
Further, the employee was charged with consorting with a known criminal at a particular gambling resort on a particular occasion. The Commission declined to consider this charge because of a lack of specificity, remarking:

*1021 "Further, appellant is charged with socializing with `Sonny' Giordano. This allegation reads as follows: `Investigation has established that you have a personal social relationship with one Camille T. "Sonny" Giordano. In fact, during the dates of June 10, 1977 through June 13, 1977 you went to Las Vegas, Nevada with Mr. Giordano on a "gambling junket". You have admitted your friendship and socializing with him on numerous occasions.' The allegation concerning the trip to Las Vegas is sufficiently specific. However, no dates, times or places of any other socializing is specified, nor does the letter specify when appellant admitted socializing with Mr. Giordano."
Civil Service Rule 12.3 states that in case of removal or other disciplinary action of a classified employee, the appointing authority must furnish the employee detailed written reasons for the action taken. The purpose of this rule is to apprise the employee in detail of the charges and to limit any subsequent proceedings to the stated reasons. Lemoine v. Department of Police, 348 So.2d 1281 (La.App. 4 Cir. 1977); Paulin v. Department of Safety and Permits, 308 So.2d 817 (La.App. 4 Cir. 1975).
As stated by the Court in Michel v. Department of Public Safety, Alcoholic Beverages Control Board, 341 So.2d 1161, 1163 (La.App. 1 Cir. 1976), writ denied, 343 So.2d 1078 (La. 1977):
"The detailed reasons required by this rule plainly comprehend a fair and clear statement of the misconduct of the employee, including whenever pertinent, times, dates, places, amounts and names. Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962); Parrino v. Louisiana State University Sch. of Med., 207 So.2d 800 (La. App., 1st Cir. 1968); Robbins v. New Orleans Public Library, 208 So.2d 25 (La. App., 4th Cir. 1968). The reason for this rule is that to prepare his defense, the charged employee must know with reasonable particularity the facts and circumstances he may be called upon to rebut in the event his employer makes a prima facie case against him. Major v. Louisiana Department of Highways, La. App., 333 So.2d 316 (1st Cir. 1976)."
Thus, it is clear that a classified employee is entitled to reasonable notice of the charges against him. Depending on the circumstances of each case, such an employee must be informed of the time, place and nature of the offense in such detail as will enable him to adequately prepare his defense. Shelfo v. LHHRA, Pinecrest State School, supra; Major v. Louisiana Department of Highways, 333 So.2d 316 (La.App. 1 Cir. 1976). The record reflects that the appointing authority charged Sgt. Rigby with going on a "gambling junket" to Las Vegas, Nevada with Camille T. "Sonny" Giordano, a known convicted felon, during the dates of June 10, 1977 through June 13, 1977. No serious attempt was made to substantiate the charge of a Las Vegas trip with Giordano on the specified dates, but an effort was made to question Rigby about a trip to Las Vegas in July of 1977. The employee's objection to such questioning was sustained by the Referee in the appeal, Ms. Laura D. Holmes, and an offer of proof was made.
We hold that evidence of a Las Vegas trip other than on the dates specified in the charges was inadmissible. Moreover, the charges fail to specify dates, times or places of any other socializing with Giordano.
For the reasons assigned, we affirm the decision of the Commission. Costs in the amount of $25.00 are to be paid by the Office of State Police, Department of Public Safety.
AFFIRMED.
 APPENDIX I
 March 3, 1978
 HQ-2-1395
Sgt. Robert J. Rigby
Troop E
P.O. Box 7326
Alexandria, LA 71301
Dear Sgt. Rigby:

*1022 Relative to your accident of November 30, 1977, it is noted on the report and investigation that you were at fault when you apparently fell asleep while traveling west on Lee Street, swerved to the left, struck the curb, swerved to the right, crossed the roadway, jumped the right curb, crossed the sidewalk, and struck a plate glass window of a building (J. N. Wholesale).
In view of the above, I am writing you this letter of reprimand and informing you that appropriate disciplinary action will be given you if such recurs.
It is recommended that you take all precaution and have any such State Police Unit that you operate under control to avoid such accidents.
 Sincerely,
 /s/ G. W. Garrison
 G. W. Garrison, Lt. Colonel
 Deputy Secretary
GWG/slw
cc: Major Tommy Hollingsworth
 Captain Ronald Stephens
 Fleet Accident Review Files
 Internal Affairs
 Legal Section
 Personnel
 File

DEPARTMENTAL MEMORANDUM
 DATE: 10-17-77
TO: Sergeant Robert Rigby FROM: Captain R. R. Stephens SUBJECT: Off Duty Use of UnitE-9 Recently Lieutenant Jeansonne and I discussed Major Hollingsworth's letter of September 27, 1977 with you. It has been reported that your unit, E-9, was used off duty September 14th thru September 20th. I recall that I authorized your use of the vehicle on two (2) of the days listed but not the remainder of the days.
The order of April 1st, 1977, restricting off duty use of your vehicle is still in effect. Further violation of this order could result in severe administrative action.
/s/ Ronald R. Stephens
Captain R. R. Stephens
cc: Sergeant R. Rigby
 Lieutenant G. J. Jeansonne
 Major Tommy Hollingsworth
 Captain R. R. Stephens