460 So.2d 1191 (1984)
UNIVERSITY OF NEW ORLEANS
v.
Leopold PEPITUNE.
No. 83-CA-1171.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Rehearing Denied December 28, 1984.
Writ Denied March 8, 1985.
*1192 Rutledge C. Clement, Jr. and C. Scott Jackson, New Orleans, for plaintiff-appellant.
Max Zelden, New Orleans, for defendant-appellee.
Robert R. Boland, Jr., Civil Service Comm., Baton Rouge, Civil Service Legal Counsel.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Leopold Pepitune was employed as a foreman in the Department of Operation and Maintenance of the University of New Orleans. On February 25, 1981, he was dismissed for carrying a concealed weapon on campus, intimidating his fellow employees, and being intoxicated while on the job. He appealed to the State Civil Service Commission, and a public hearing was held before a referee. The referee granted the appeal and ordered the reinstatement of Mr. Pepitune with full back pay. The University appealed to the State Civil Service Commission, and the Commission affirmed, adopting the referee's decision. From the Commission's decision, the University appeals. We affirm.
By letter dated February 25, 1981, the University notified Mr. Pepitune that he was being removed from his position for the following reasons.
During the week of February 16, 1981 and on several other occasions you have been carrying a concealed weapon (a pistol) on campus. This is a violation of state law.
During the week of February 16, 1981, and on other occasions at work, you displayed the pistol, intimidating some of your employees. This constitutes disorderly, disrespectful, and notoriously disgraceful conduct, all of which are violations of University regulations.
On several occasions you have been under the influence of intoxicants while at work. This also is a violation of University regulations.
Because of the University's failure to specify the dates upon which the alleged misconduct occurred, the referee summarily dismissed the charge of being under the influence of intoxicants while on duty, and limited evidence on the concealed weapon and intimidation charges to that occurring during the week of February 16, 1981.
The University presented five witnesses, who testified that they had seen Mr. Pepitune carrying a gun on campus. The referee found, however, that the witnesses did not establish that any one of them saw Mr. Pepitune with a gun on campus during the week of February 16, 1981, and therefore she concluded that the University had failed to bear its burden of proving legal cause for Mr. Pepitune's dismissal.
Civil Service Commission decisions are subject to review on both questions of law and fact. La.Const. art. X § 12. The standard of review is whether the decision is arbitrary, capricious, or manifestly wrong. Ferguson v. Department of Health and Human Resources, 451 So.2d 165, 168 (La.App. 1st Cir.1984); Wollerson v. Department of Agriculture, 436 So.2d 1241, 1244 (La.App. 1st Cir.), cert. denied, 441 So.2d 1221, 1222 (La.1983). After an independent review of the record we conclude that the referee's decision as adopted by the Commission is not arbitrary, capricious, or manifestly wrong.
*1193 The referee was correct in dismissing the intoxication charge and limiting the evidence on the other two charges to that occurring during the week of February 16, 1981, as specified in the letter. Civil Service Rule 12.3 requires the appointing authority to furnish the employee with detailed written reasons for removal or other disciplinary action. This rule "plainly comprehends a fair and clear statement of the misconduct of the employee including, whenever pertinent, times, dates, places and amounts." Hays v. Louisiana Wildlife and Fisheries Commission, 243 La. 278, 143 So.2d 71, 74 (1962); Department of Public Safety v. Rigby, 401 So.2d 1017, 1021 (La.App. 1st Cir.), cert. denied, 406 So.2d 626 (La.1981). "The purpose of this rule is to apprise the employee in detail of the charges and to limit any subsequent proceedings to the stated reasons. "Rigby, 401 So.2d, at 1021 (citations omitted). In the Rigby case the defendant was charged by the appointing authority with accompanying a convicted felon on a gambling junket to Las Vegas June 10, 1977 through June 13, 1977. Evidence of a trip to Las Vegas with the convicted felon in July of 1977 was inadmissable. Moreover, general charges of "socializing with [the convicted felon] on numerous occasions" were dismissed for failure to specify dates, times, or places. Id.
As to the charges of carrying a concealed weapon and intimidating employees during the week of February 16, the burden of proof of the facts is on the appointing authority. La.Const. art. X § 8(A). After a lengthy hearing the referee concluded that the University had not carried that burden, and we cannot say that decision is arbitrary, capricious, or manifestly wrong.
Accordingly, we affirm.
AFFIRMED.