LINDSAY, Judge.
Defendant, George Caldwell, was charged by bill of information with three counts of distribution of marijuana in violation of LSA-R.S. 40:966(A). After a trial by jury, the defendant was found not guilty of counts one and three. He was, however, found guilty of attempted distribution of marijuana in response to the sec *751 ond cotmt and was sentenced to pay a fine of $500 and costs, or in default thereof, to serve 60 days in the parish jail. In addition, the defendant received a two year sentence at hard labor, which was suspended, and he was placed on supervised probation with special conditions for two years. The defendant appeals his conviction asserting four assignments of error. Finding that none of the errors assigned have merit, we affirm the defendant’s conviction.
The defendant and Perry Sweet were both employed by the Caddo Parish Levee Board in October of 1984. Mr. Sweet had ridden with the defendant to work on many occasions during the previous years and the defendant had occasionally worked on cars owned by Mr. Sweet. Through this association, Mr. Sweet discovered through his own initiative, that the defendant was willing to sell him some marijuana. Mr. Sweet testified at defendant’s trial that upon learning of this, he notified the Caddo Parish Sheriff’s Department and agreed to assist the Sheriff’s Department as a confidential informant by arranging a sale of marijuana with the defendant.
The first sale of marijuana allegedly occurred on October 26, 1984 and formed the basis for count three of the bill of information against the defendant. On that date, the defendant and another individual met Mr. Sweet at H.M. Downs Park in Caddo Parish. Immediately prior to this meeting, Mr. Sweet had received $100 and a tape recorder from Sgt. Golden of the Caddo Parish Sheriff’s Department. Sgt. Golden testified that he observed the parties at the park where they met for approximately three minutes and then he watched them leave in the defendant’s vehicle. They returned approximately 25 minutes later. When the defendant and the other individual departed, Mr. Sweet returned a bag of marijuana, $25 in change, and the tape recorder to Sgt. Golden.
The alleged sale of marijuana which formed the basis for count two of the bill of information occurred on November 2, 1984. An arrangement was made whereby an undercover narcotics agent would accompany Mr. Sweet to purchase more marijuana from the defendant. Mr. Sweet and Officer Melvin Ashley of the Bossier City Police Department met with the defendant in the front yard of a house in Belcher, Louisiana. Although the facts surrounding this transaction are disputed, the defendant eventually retrieved a bag of marijuana from his car and sold it to Officer Ashley for $100. This transaction was also observed by Officer Golden and another narcotics agent.
A third sale of marijuana allegedly occurred on November 80, 1984 and formed the basis for count one of the bill of information. On that date after work, the defendant traveled to a Gulf Magik Mart and gas station located at Highway 1 and Highway 538, in Caddo Parish. The defendant, again under surveillance by narcotics agents, was observed passing by the station, entering a nearby subdivision, and then returning to the station to purchase gas. After purchasing the gas, the defendant drove over to Sweet’s vehicle, a van, which had arrived a few minutes earlier. The defendant exited his vehicle, approached Sweet’s van, returned to his vehicle, and then returned and entered Sweet’s van. Upon leaving Sweet’s van, the defendant was arrested by narcotics agents. When searched, a marked $100, which had been given to Sweet prior to the transaction, was found in the defendant’s possession and a bag of marijuana was found on the floorboard of Sweet’s van.
ASSIGNMENTS OF ERROR ONE AND TWO
In his first two assignments of error, the defendant contends that the trial court erred in refusing to allow the defendant’s witness, Alfacgo Braden, to testify in front of the jury. The defendant argues that the trial court was incorrect in ruling that Bra-den’s testimony was not relevant to the issues at trial. He also asserts that through the court’s refusal to allow Bra-den’s testimony into evidence, the defendant was denied his constitutional rights to call certain witnesses in his defense and *752 further, that this deprived him of the opportunity to lay a proper foundation to call additional witnesses. These arguments are without merit.
In an effort to support a defense of entrapment, the testimony of Braden was proffered to the trial court out of the hearing of the jury. Braden stated that he had been approached by an upper level Levee Board employee who indicated to him that his assistance was sought for the purpose of obtaining a conviction against the defendant. This allegedly would prevent a promotion of the defendant which was expected in the near future. Braden noted that the conversation also centered around a discussion of the defendant’s possible involvement in stealing certain supplies belonging to the Levee Board.
After hearing Braden’s testimony, the trial court ruled that it was irrelevant and inadmissible. The court noted that the testimony concerned issues which would be confusing to the jury and prejudicial to the defendant. The court stated, however, that it would reconsider its ruling should the defendant later establish that Mr. Bra-den’s testimony had some probative value with respect to the charges of distribution of marijuana.
It is noted that the defendant did not object to this ruling by the court until the presentation of the defendant’s evidence was completed. At that time defense counsel stated he still disagreed with the court’s ruling, that Braden’s testimony was prejudicial, and that this was the sole reason that Braden was not called to testify. The court noted counsel’s objection and maintained its ruling that Braden’s testimony was irrelevant to the charges at hand. The court stated that although the matter had been left open for reconsideration throughout the defendant’s case, a proper foundation connecting this testimony and the charges at hand was never laid by counsel.
As noted by the Louisiana Supreme Court in State v. West, 419 So.2d 868 (La.1982):
Relevant evidence tends to show or negate the commission of the offense or intent. La. R.S. 15:441. Thus, relevancy is determined by the purpose for which the evidence is offered. La. R.S. 15:442. See also State v. Weems, 358 So.2d 285 (La.1978). It is well settled that a determination of relevance lies within the discretion of the trial judge and will not be disturbed absent a clear showing of abuse of that discretion. State v. Miles, 402 So.2d 644 (La.1981).
In the instant case, the defendant has failed to demonstrate a clear abuse of discretion in the ruling of the trial court with respect to the relevance of this proffered testimony.
The defendant argues that Braden’s testimony was relevant to show that the defendant was entrapped, by showing that the Levee Board personnel had an interest in having the defendant charged with a criminal offense in order to facilitate his dismissal. This argument asserts a tenuous link between the alleged motives and actions of the Levee Board personnel and the issue of whether the defendant was induced to sell marijuana when he was not otherwise inclined to do so.
We agree with the trial court’s ruling that the defendant did not lay a proper foundation supporting this alleged connection between Braden’s testimony and the instant charges. In fact, other than attempting to discredit Sweet’s testimony concerning his initial questioning of the defendant about marijuana, the defendant did not offer any other evidence to support the introduction of Braden’s testimony. Moreover, the record reveals that the investigation into the defendant’s activities involving the distribution of marijuana began at least a month prior to Braden’s conversation with Levee Board Personnel. Upon our review of the record before us, we cannot say that the trial court abused its wide discretion in making such a determination concerning the relevance of this testimony.
With respect to the defendant’s contention that he was not afforded certain constitutional rights, we note that these *753 grounds should have been presented to the trial judge at the time of the defendant’s objection, in order to preserve them for appellate review. As noted in State v. Harris, 414 So.2d 325 (La.1982):
The grounds of counsel’s objections must be sufficiently brought to the attention of the trial judge to allow him the opportunity to make the proper ruling and correct any claimed prejudice to the accused. State v. Davis, 357 So.2d 1125 (La.1978). Accordingly, a new ground for objection cannot be presented for the first time on appeal. State v. Davis, supra; State v. Monroe, 397 So.2d 1258 (La.1981); State v. Bodley, 394 So.2d 584 (La.1981).
Nevertheless, the defendant was not denied any of his constitutional rights, as it was within the trial court’s discretion to disallow the introduction of irrelevant testimony. Accordingly, these assignments of error lack merit.
ASSIGNMENTS OF ERROR THREE AND FOUR
In his next two assignments of error, the defendant contends the trial court erred in allowing the state to introduce, on rebuttal, a tape recording of the first alleged sale of marijuana. The defendant contends that he was prejudiced by this improper rebuttal evidence, in that the state failed to provide proper notice to defense counsel as required by the discovery articles of the Louisiana Code of Criminal Procedure. The defendant argues further that the introduction of the tape was improper due to the state’s failure to lay a proper foundation with respect to the identity of the voices on the tape and its connection to the defendant. We find that these arguments are also without merit.
In State v. Huizar, 414 So.2d 741 (La.1982) the Louisiana Supreme Court noted that:
Rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. R.S. 15:282. State v. Constantine, 364 So.2d 1011 (La.1978). Such evidence may be used to strengthen the state’s original case. State v. Howard, 120 La. 811, 45 So. 260 (1908). The determination of whether evidence is rebuttal evidence and hence, admissible, is an issue which is addressed to the sound discretion of the trial court judge. State v. Green, 390 So.2d 1253 (La.1980).
In State v. Turner, 337 So.2d 455 (La.1976), the Louisiana Supreme Court stated:
Again, in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is “evidence which has become relevant or important only as an effect of some evidence introduced by the other side.”
In the instant case, this evidence was properly admitted by the trial court as it was not an attempt by the state to interject a new issue into the trial, but was only introduced on rebuttal to controvert the defendant’s testimony that he was not involved with marijuana or the sale thereof. This evidence only became relevant after the defendant denied participating in the sale of marijuana. Therefore, absent a showing of an abuse of the sound discretion of the trial court, this evidence was properly admitted.
The defendant further argues, however, that he was not afforded proper notice of the state’s intent to introduce this evidence as it did not comply with LSA-C. Cr.P. Art. 716(B). This article provides:
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
The state, in its amended response to the defendant’s motion for discovery which was filed on June 3, 1985, revealed that “[r]es gestae statements were made. The State intends to offer these statements in evidence at trial.”
*754 As noted by this court in State v. Green, 448 So.2d 782 (La.App.2d Cir.1984):
What forms any part of the res gestae is always admissible in evidence. Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive, and spontaneous words and acts of the participants. To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in connection with it one continuous transaction. LSA-R.S. 15:447 and 448.
The negotiations carried on by the undercover officer with the defendant on the evening prior to the actual sale, and the statements made in the course of such negotiations, were part of one continuous transaction and constituted part of the res gestae. The state disclosed that res gestae statements would be offered into evidence in response to defendant’s discovery motion, and defendant took no steps to require the state to be more specific in its disclosure. As part of the res gestae the statements constituted admissible evidence and were within the scope of the state’s disclosure.
The statements recorded in the instant case as well are certainly part of the res gestae. The tape was made as the confidential informant, Perry Sweet, was riding in the automobile with the defendant and another individual during the first alleged sale of the marijuana. Thus, as noted above, as a part of the res gestae, the statements were admissible into evidence and were covered in the state’s amended response to the defendant’s motion for discovery. Furthermore, the defendant cannot claim prejudice or surprise as he was sufficiently apprised of the existence of the statements prior to trial and did not take any steps to require the state to be more specific in its disclosure.
The defendant also claims prejudice, however, due to the lack of sufficient foundation for the introduction of this tape. He claims that the state failed to establish the identity of the speakers, as at least three people should have been identified on the tape because there were three people in the car at the time the tape was made. A proper foundation was laid for its introduction as both Perry Sweet and Sgt. Golden testified that the voices on the tape were those belonging to the two participants to the transaction.
The defendant also complains the tape was inaudible and its admission into evidence was error. However, as the Louisiana Supreme Court noted in State v. Hennigan, 404 So.2d 222 (La.1981):
The question of audibility is directed toward the weight the tapes are to be given. In any event, a decision about the audibility of the tapes rests with the trial judge’s sound discretion. No showing has been made to indicate that the trial court abused his discretion in allowing the tapes to be admitted.
The trial court in the instant case explained to the jurors that they were to “hear the tapes subject to whatever quality it has or does not have. You may give such weight to it as you find is permissible under these circumstances.” We find that the trial court did not abuse its discretion in allowing the tape to be heard by the jurors in this case.
Upon our review of the record, we conclude that defendant did not suffer any type of prejudice by the introduction of this tape recording. Most importantly, it is noted that the defendant was found not guilty of the count to which the recorded statement was applicable. Apparently, the jury did not place much weight upon the tape or the testimony of Perry Sweet in determining that the defendant was innocent of this first alleged sale of marijuana. In finding that the defendant was guilty of attempted distribution of marijuana on the second count, it appears that the jurors must have afforded greater weight to the testimony of Detective Melvin Ashley of the Bossier City Police Department due to his direct participation in this transaction. Therefore, any possible error that could have *755 arisen with respect to the introduction of this tape is harmless. LSA-C.Cr.P. Art. 921. These assignments of error are also without merit.
Accordingly, for the foregoing reasons the defendant’s conviction is affirmed.
AFFIRMED.