SCHOTT, Judge.
Disciplinary action was initiated against appellant, a civil service employee of the Parkway and Park Commission, for failing to perform his duty on December 19, 1985. Following a hearing, the appointing authority dismissed him from the service because of his employment history. The present appeal is from the judgment of the Civil Service Commission of the City of New Orleans upholding his dismissal. In this court he contends that the evidence before the commission was insufficient to establish his misconduct, the penalty was excessive, and the commission erred in allowing prior disciplinary actions to supply a basis for his termination.
Appellant was a member of a tree cutting crew when he was caught sitting in the crew’s truck reading a newspaper while his fellow employees were raking and cleaning up. His defenses were that the foreman gave him permission to do this and that his supervisors were “out to get him”. This defense, consisting of his own testimony, partially corroborated by that of a friend, was rejected by the commission who chose to believe his foreman and a supervisor. Their testimony supported the *557 commission’s findings, and the commission’s credibility determination is accepted on appeal.
Appellant was not dismissed because of this incident alone but in consideration of his past record which showed that he was disciplined five times for failing to obey his foreman in two years preceding the present incident, in the year 1985 he was absent 25 days 5 hours without pay and was twice placed on probation for bad attendance, and he was twice found to be negligent in caring for city equipment. In upholding appellant’s dismissal the commission remarked: “In view of the poor employment history of appellant, we cannot say that dismissal in this case was inappropriate.” He contends that the appointing authority was estopped from reviving these old incidents as grounds for further disciplinary measures because he was already disciplined for these infractions. In support of this contention he relies on Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981).
An employee cannot be disciplined a second time for the same offense, but previous offenses and the penalties may be considered in determining what is the appropriate penalty for a subsequent offense. It would be nonsensical for the appointing authority to be prohibited from considering that this appellant was disciplined five times previously for the same type of misconduct as he committed in this case as well as on four other occassions and that the previous relatively slight penalties imposed upon him had little if any deterrent or rehabilitative effect on him. The Commission was correct in considering appellant’s entire record in determining that dismissal was appropriate.
AFFIRMED.