J2FOIL, J.
This appeal by Lindberg Lundy challenges a decision of the State Civil Service Commission upholding his termination from his position as a custodian at the University of New Orleans. Finding that Lundy was illegally subjected to disciplinary action twice for the same incident, we reverse and order him reinstated to his former position.
FACTS AND PROCEDURAL BACKGROUND
Lindberg Lundy was a state civil service employee serving with permanent status as a custodian in the Housekeeping Department, which is part of the Physical Plant Services, at the University of New Orleans (UNO). Lundy has both mental and physical impairments, including a speech defect and partial paralysis on one side of his body. In the more than twenty years he worked at UNO, Lundy received various reprimands resulting from complaints of unwelcome behavior on his part. His supervisor tried to limit Lun-dy’s contact with the students, such as assigning him to the Physical Plant Services office building, but problems continued to arise because Lundy had a habit of leaving his assigned work area.
The incident that forms the basis of Lun-dy’s termination occurred on June 17, 1994. On that date, Courtney George-Ard, a UNO student, filed a complaint with the UNO police and submitted a five-page written statement detailing an incident in which she claimed she was sexually harassed by Lundy. After questioning by the police and his supervisors, Lundy essentially admitted the allegations set forth in the student’s statement.
Frank Schambach, the Director of Physical Plant Services, and Ralph Dominick, the head of the Housekeeping Department, discussed what course of action should be taken with regard to Lundy. Both men felt that the incident warranted Lundy’s termination, but did not think it would be upheld by Civil Service since he had never been suspended before. Ultimately, Henry Dillon, the Human Resource Director and appointing authority for UNO, agreed with their recommendation to suspend Lundy. By letter dated June 23, 1994, UNO suspended Lundy for sixty days without pay effective July 1, 1994, for being Rout of his assigned work area, loafing and wasting time, and intimidation and harassment of a student. The letter specifically listed the incidents comprising his violations against Civil Service Rules as: 1) a March 11, 1994 reprimand for intimidation of a student; and 2) the June 17, 1994 incident involving George-Ard, which was described in detail. Lundy served his suspension and returned to work on September 1, 1994.
At some point, George-Ard’s family learned that UNO had not fired Lundy. They complained to Provost Louis Paradise and indicated George-Ard had contacted an attorney about suing UNO for sexual harassment. When the administrative management of UNO (Provost Paradise and Patrick Gibbs, the Vice Chancellor for Business Affairs) reviewed the police reports and Lundy’s personnel record, they determined that the disciplinary action taken had not been harsh enough and it would be best for the university to terminate him. Henry Dillon agreed with this determination.
By letter dated September 15, 1994, UNO advised Lundy that he was being suspended, with pay, for thirty days or until the conclusion of an investigation of charges of sexual harassment. During this suspension, UNO undertook to rescind the prior 60-day suspension. On October 4, 1994, counsel for UNO wrote a letter to Herbert L. Sumrall, Director of the Department of State Civil Service, detailing the Lundy matter. Counsel stated in the letter that, after completing a comprehensive investigation, UNO discovered that Lundy had a history of disciplinary *929 problems and, therefore, the 60-day suspension imposed was not severe enough. Accordingly, counsel requested that Sumrall approve UNO’s request to rescind Lundy’s suspension under the provisions of Civil Service Rule 15.10, so it could take more severe disciplinary action against him. In a response dated October 12, 1994, Sumrall authorized UNO to rescind the suspension. UNO did so and then paid Lundy for the sixty days he was initially suspended.
By letter dated November 17,1994, after a pre-termination hearing that date, Lundy was terminated effective with the close of business on November 25, 1994. The letter listed the same bases for termination as the prior 14suspension — being out of his assigned work area, loafing and wasting time, and intimidation and harassment of a student. In addition to the March 11, 1994 reprimand and the George-Ard incident, the letter of termination added four instances of prior warnings to the list of violations he had committed against Civil Service Rules.
Lundy challenged his termination in an appeal filed December 16, 1994. In a decision dated July 12,1995, a referee summarily reversed the termination on the ground that Lundy had already been disciplined for the same offense for which he was terminated. UNO filed an application for review of the referee’s decision. By decision dated December 20, 1995, the Commission granted UNO’s application for review, reversed the decision of the referee, and ordered a hearing to determine not only the merits of the charges against Lundy, but the reason for the rescission of the earlier action against him.
After a hearing on April 1, 1997, the Commission took the matter under advisement. By decision dated October 16,1997, the Commission upheld Lundy’s termination. It found that the pre-deprivation proceedings conducted in this ease were adequate under Civil Service Rule 12.7. The Commission also found that Civil Service Rule 15.10 gives the Director the discretion to rescind a disciplinary action that has already been completed, even when the purpose of the rescission is to impose a more severe penalty. It further concluded that the Director did not abuse his discretion when he approved the rescission in this case. Finally, the Commission found that UNO carried its burden of proving cause for Lundy’s dismissal. This appeal by Lundy followed.
DISCUSSION
On appeal, Lundy árgues that the Commission erred in upholding the rescission of a final 60-day suspension and the subsequent imposition of a more severe penalty for the same offense. We agree.
Civil Service Rule 15.10(b) provides that, “[a]fter the effective date of a personnel action, an appointing authority may only rescind or modify the action with the approval of the Director.” While this rule gives the Director the [^discretion to rescind a prior action, it offers no guidelines on how or when the Director should take such action. Indeed, we can find no ease law involving a situation wherein a final action was rescinded so that a more severe penalty could be imposed for the same offense. Director Sum-rail testified in this case that he could not recall ever rescinding an action in order that a stiffer penalty could be imposed. Rather, past jurisprudence indicates the rule is usually used to cure some procedural defect, or some defect that inures to the employee’s benefit.
The jurisprudence is clear that each occasion of discipline by the appointing authority must be based upon previously undisciplined behavior, because an employee cannot be twice disciplined for a single dereliction. Once an employee is disciplined for an infraction, the appointing authority is es-topped from seeking at a later date to revive the incident as ground for further disciplinary action. Department of Public Safety v. Rigby, 401 So.2d 1017, 1020 (La.App. 1st Cir.), writ denied, 406 So.2d 626 (La.1981); Hamlett v. Division of Mental Health, 325 So.2d 696, 701 (La.App. 1st Cir.1976).
In this case, no one appealed the initial 60-day suspension. Lundy served the suspension, which then became final. We feel that UNO took disciplinary action against Lundy and, on full examination of the situation, then concluded it was inadequate punishment. *930 UNO decided it had made a poor judgment call to suspend Lundy, rather than terminate him in the first place. We note that no new evidence came to light after Lundy served the suspension. UNO had access to his personnel file and was aware (or should have been aware) of his work history at the time it made the initial decision to suspend Lundy. In any event, regardless of the merits of the charges against Lundy, we find that UNO was estopped from using the George-Ard incident as ground for his termination. Further, we conclude it was an abuse of discretion for the Director to apply Rule 15.10 to effectuate this result.
For these reasons, the decision of the Commission is reversed. It is hereby ordered that UNO reinstate Lundy to his former position with all of the incidental rights, privileges and emoluments. UNO is to pay him all salaries Rand wages withheld since the date of termination, against which amount shall be credited and set-off all wages and salaries earned and any retirement and/or unemployment benefits received since that date, less the amount reimbursed for the period of his sixty-day suspension. Costs of this appeal are assessed to UNO.
REVERSED.
WEIMER, J., concurs.