| iWEIMER, Judge,
concurring.
I respectfully concur in the result reached by the majority and assign additional reasons.
Civil Service Rule 13.12 provides a thirty day appeal period. In this matter, Lindberg Lundy was suspended without pay from July 1, 1994, through August 31, 1994. He returned to work September 1, 1994, and, subsequently, was again suspended on September 15, 1994, this time with pay. On October 4, 1994, counsel for the University of New Orleans (UNO), without notifying Lundy, requested the Director of the Department of Civil Service approve a request to rescind the initial suspension so more severe disciplinary action could be taken. Thus, over ninety days after the initial suspension began and over thirty days after the initial suspension concluded and over thirty days after Lundy returned to work, UNO “appealed” to the Civil Service Director to rescind the suspension.
The State has been placed in the untenable position of attempting to argue Lundy’s termination, after serving a sixty day suspension without pay, did not involve being punished twice for the same offense because his wages for that period were subsequently remitted. Thus, Lundy was in effect inappropriately paid for work he did not do. The subsequent payment of his wages cannot purge the fact of his suspension.
It is all too clear that the suspension without pay and the termination is punishing him twice for the same offense. We cannot ignore his suspension any more than we can restore the time someone has spent incarcerated.
|2Once Lundy was suspended without pay and concluded his punishment, that matter was final based on the facts of this case. In Rodriguez v. Board of Commissioners, Port of New Orleans, 344 So.2d 436, 438 (La.App. 1st Cir.1977), this court stated:
In all matters, judicial and/or quasi-judicial, there must be a period of time after which the decision of an authority must be final.... The parties must have a reasonable time in which to resolve their differences but all disputes must at some time be resolved and put to rest so that the parties involved can go about their respective endeavors with full certainty of their positions for the future and without fear or consequences of the past. Such certainty and finality is just as important and necessary in personal matters involving classified employees.
In its decision, the Civil Service Commission quotes Vidrine v. State Parks and Recreation Commission, 169 So.2d 641, 645 (La.App. 1st Cir.1964), which states that the Civil Service was established “to insure efficiency in governmental operations by providing security of employment thus enabling the state to take advantage and reap the benefits of experience gained by those employees of long service.” The Commission further states: “Thus, the protection of employees is not an end in itself, but rather a means to an *931 end.” I agree with the statement of the Commission to the affect that as related to discipline, the Civil Service system exists to protect competent employees from adverse action taken for reasons unrelated to the performance of their work; the civil service system does not exist to protect employees from their own misconduct or the unacceptable performance of their work.
However, based on the facts of this case, there is simply no ignoring the fact Lundy was disciplined, concluded his punishment, returned to work and was disciplined again for the same incident for which he had already been disciplined. Having already disciplined Lundy for the incident, UNO “is now estopped from seeking at a later date to revive this incident as ground for further disciplinary measures.” Department of Public Safety v. Rigby, 401 So.2d 1017, 1020 (La.App. 1st Cir.), writ denied, 406 So.2d 626 (La.1981) [citing Hamlett v. Division of Mental Health, 325 So.2d 696, 701 (La.App. 1st Cir.1976) ].
Lastly, I believe the Civil Service Director abused his discretion in rescinding the suspension based on the delays involved and based on the fact the punishment had been concluded.