DUFRESNE, Judge.
This appeal comes to us from a decision of the Kenner Municipal Fire and Police Civil Service Board, Kenner, Louisiana (Board) whereby the Board affirmed the *1307 dismissal of Vincent Pizzitolo, Jr. from his duties on the Kenner Police Department.
The facts of this case are undisputed.
Mr. Pizzitolo was hired by the City of Kenner, Kenner Police Department, as a police officer on May 19, 1976. His personnel record shows that he was hired on a probationary status.
Upon satisfactory completion of the probationary period, he was hired on a permanent status on May 19, 1977.
On August 22, 1979, because of personal problems, he tendered his resignation which was accepted, effective as of August 28, 1979.
On April 9, 1980, he was re-employed and on June 3, 1980, his salary was adjusted to the full salary level which he had attained when he resigned.
On October 30, 1980, he was dismissed for violation of Article 53, Section 3, of the Rules of Administration of the Department of Police, relative to “neglect of duty” (unauthorized sleeping on duty) occurring on October 11, 1980.
Pizzitolo denied these charges and appealed the action of the City of Kenner to the Kenner Municipal Fire and Police Civil Service Board. A hearing was held on the merits of this violation on February 10, 1981.
The Board, after hearing the arguments of the parties, made the following decision:
“It is the decision of this Board that officer Vincent Pizzitolo was in a probational status, of more than six months and not more than one year within the working test period. As such this hearing is considered null and void. Any appeal in this dismissal shall be heard on the grounds of whether or not officer Pizzitolo was given a fair opportunity to prove his ability in the position.
The Appeal period is still open at this time and this Board will entertain an appeal within the duration stated under the original personnel action.”
From this decision Pizzitolo appealed to the 24th Judicial Court for review. The district court affirmed the Board’s decision and dismissed Pizzitolo’s action.
Pizzitola has appealed this ruling and urges the following issue:
“Was plaintiff-appellant, Vincent Pizzito-lo, Jr., rehired by the provisions of Louisiana Revised Statute, Title 33, Section 2495 and does that provision apply to Police Officers who have already received their training and been rehired after a short period of absence?”
Pizzitolo argues his appeal by quoting LSA-R.S. 33:2495, which reads:
“Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position.”
Pizzitolo had been hired on May 19, 1976, as a police officer and his personnel record shows that he completed his probationary period and was hired on a permanent status on May 19, 1977. He had been a working police officer for the City of Kenner for one year and satisfied the statutory requirements of the “working test” period.
We must focus our attention to August 22, 1979, the date Pizzitolo tendered his resignation as a police officer for the City of Kenner. In accord with Louisiana Civil Service Statute, a person loses all rights of seniority when such a person tenders a resignation from classified service.
Eight months subsequent to his resignation, Pizzitolo was re-hired as a Kenner police officer.
Pizzitolo argues that LSA-R.S. 33:2495’s “working test” period is applicable for only newly hired employees who have no experience in the position for which they are hired or its provision is to be applied to promoted employees who are being transferred into positions of different responsibility from a position formerly held. We disagree. After carefully examining the appropriate statute, we hold that the “working test” period, within the strict reading of this statute, does indeed apply *1308 to all classified employees, including those who have been re-hired as well as all new or transferred employees. Just as an employee forfeits all accumulated seniority when he resigns, he also forfeits any rights he may have had as a previous classified employee. If the redactors wished to make some type of exception or exclusion for persons such as Pizzitolo they would have so provided. To hold that an employee need not be tested by a “working test” would place this court in a position of drafting legislation. Strong arguments can be presented on behalf of “re-hired” employees that it is not necessary for them to be re-tested. Consideration must be given to the time that has elapsed between the rehired employee’s previous service and the date of his rehiring. Understandably after a period of one month or two months, or even one year, the employee might not need retraining; however, where would the line be drawn.
Statutes on Civil Service should be strictly interpreted and here absent specific authority or legislation providing that re-hired employees are not subject to the “working test period”, every person in accordance with R.S. 33:2495 shall be tested by a working test before such employee may be confirmed as a regular and permanent employee in the position.
We further find that Pizzitolo was not re-hired as a permanent police officer on April 9, 1980. The record indicates that Pizzitolo was re-hired by the City of Ken-ner on April 9, 1980, and was dismissed from police service on October 30, 1980 as a result of a Neglect of Duty Charge (i.e., unauthorized sleeping on duty).
The applicable statute provides the following guidance:
“Any employee who is rejected after serving a working test of six months but not more than one year, may appeal to the board only upon the ground that he was not given a fair opportunity to prove his ability in the position.” LSA-R.S. 33:2495.
Pizzitolo appealed to the Board on the charge that he was unauthorized to be sleeping on duty. The Board heard the case, then ruled that its hearing was null and void with respect to this issue.
The Board ruled that Pizzitolo was a classified employee in a probationary status, and as such, did not have the requisite legal standing to lodge this type of an appeal. The Board was willing to grant Pizzitolo an appeal on the grounds of whether he had been given a fair opportunity to prove his ability in the position; however, he chose not to exercise this right of appeal. We find no error as to application of the law to the uncontroverted facts of this appeal. Consequently, for the foregoing reasons, the judgment of the trial court sustaining the decision of the Kenner Municipal Fire and Police Civil Service Board is affirmed.
AFFIRMED.