STEWART, Judge.
Plaintiff, Kevin Bernard Babers, appeals a judgment which affirmed his termination as a firefighter with the City of Shreveport Fire Department. We affirm the trial court judgment.
FACTS
The facts of this case are undisputed. Babers was hired by the City of Shreveport Fire Department (“City”) as a probationary firefighter on August 16, 1990.
On August 14, 1991, Babers was notified that he had failed to successfully complete his probationary period and that he would be terminated. His termination papers were signed by the appointing authority, Mayor Hazel Beard, on August 16, 1991 effective August 15, 1991.
Babers appealed his termination to the Municipal Fire and Police Civil Service Board (“Board”). The Board, after hearing the arguments of the parties, decided that Babers was terminated during the prescribed working test period. Upon concluding that Babers was a probationary employee at termination, the Board’s inquiry shifted to whether he was given a fair opportunity to prove his ability in the position as firefighter. The Board ruled that Babers was given a fair opportunity to prove his ability as a firefighter and the appointing authority had acted in good faith and for cause when it terminated Babers. The Board unanimously voted to affirm Babers’ termination. From this decision, Babers appealed to the district court for judicial review. The district court affirmed the Board’s decision and dismissed Babers’ action. This appeal ensued.
DISCUSSION
Babers contends the trial court erred in concluding that his August 14, 1991 termination as a firefighter was within the one-year working test period prescribed by LSA-R.S. 33:2495. Babers argues that when terminated, he was no longer a probationary employee but instead a permanent civil service employee by virtue of the City’s inaction within one year from the date of his appointment.
The standard of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as those which exist with regard to cases arising in the trial court. Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied, 406 So.2d 626 (La.1981). The appellate court should not disturb the factual findings of the trier of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989), writ denied, 561 So.2d 105 (La.1990).
LSA-R.S. 33:2495 provides in pertinent part:
The period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year.
... If, at the expiration of an employee’s working test period, the appointing authority fails to confirm or reject the employee, such failure to act shall constitute a confirmation. Any employee who is rejected after serving a working test period of six months but not more than one year, may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position. [Emphasis ours.]
LSA-C.C. Art. 3454 provides in pertinent part:
In computing a prescriptive period, the day that marks the commencement of prescription is not counted_ [Emphasis ours.]
LSA-C.C.P. Art. 5059 provides in pertinent part:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. [Emphasis ours.]
LSA-C.C. Art. 1784 provides:
When the term for performance of an obligation is not marked by a specific *90 date but is rather a period of time, the term begins to run on the day after the contract is made, or on the day after the occurrence of the event that marks the beginning of the term, and it includes the last day of the period. [Emphasis ours.]
In the instant case, the record indicates Babers was employed by the City as a probationary firefighter on August 16, 1990. On August 14, 1991, Babers was notified of the decision to terminate him for failure to successfully complete his working test period. The record reflects that Babers’ termination was dated August 16, 1991 effective August 15, 1991.

Commencement of Working Test Period

Babers argues that the working test period began immediately upon the date of his employment on August 16, 1990. We disagree.
In support of Babers’ contention, he cites Pizzitolo v. Kenner Municipal Fire and Police, 445 So.2d 1306 (La.App. 5th Cir.1984), writ denied, 449 So.2d 1357 (La.1984). Pizzitolo is distinguishable on its facts. In Pizzitolo, the plaintiff was hired by the City of Kenner, Kenner Police Department as a probationary police officer on May 19, 1976. Upon satisfactory completion of the probation period, he was hired on a permanent status on May 19, 1977. Babers stated these facts for the proposition that Pizzitolo’s date of hire was counted in the prescribed one-year prescriptive period. The prescriptive period for the working test period was not at issue nor were these facts addressed or intended to address the prescriptive period. Therefore, Pizzitolo is not applicable to Babers’ case.
Both LSA-C.C. Art. 3454 and LSA-C.C.P. Art. 5059 provides that the day of commencement is not counted in computing prescription. Although LSA-R.S. 33:2495 states that the period of the working test commences immediately upon appointment, this statute does not create an exception to the general rule found in articles 3454 and 5059. Moreover, LSA-C.C. Art. 1784 provides that if the term for performance of an obligation is marked by a period of time (as opposed to a specific date), then the term begins to run on the date after the contract is made or on the day after the occurrence of events that marks the beginning of the term. Applying this codal principle to the instant facts, the prescriptive period of 12 months began on August 17, 1990 the day after his appointment. Termination on August 16, 1991 effective August 15, 1991 was within the period. This contention is without merit.
After careful review of the evidence presented, we find no error as to application of the applicable law to the uncontroverted facts of this appeal.
We further find the evidence presented indicates that the Board acted in good faith in sustaining the appointing authority’s decision to terminate Babers and that he was afforded a fair hearing by the Board to review his termination. Thus, we find no error in the trial court’s finding that Ba-bers was terminated within the one-year period prescribed by LSA-R.S. 33:2495. This contention is without merit.
CONCLUSION
For the foregoing reasons; we uphold the district court’s affirmance of the Municipal Fire and Police Civil Service Board’s decision to sustain the appointing authority’s dismissal of Babers. Costs of this appeal are assessed against Babers.
AFFIRMED.